**Barbara Jean PATTON and Billie Patton, Plaintiffs,**

v.

**WINDSOR RACEWAY, INC., a Canadian corporation, Defendant.**

**No. 86–CV–71023–DT.**

United States District Court, E.D. Michigan, S.D.

May 19, 1986.

Barry J. Goodman, Southfield, Mich., for plaintiffs.

Robert H. Feikens, Detroit, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

La PLATA, District Judge.

On May 18, 1984, Barbara Jean Patton (Plaintiff), allegedly was injured in a slip and fall incident that occurred at Windsor Raceway in Windsor, Canada. Claiming that the injury was caused by the Raceway's failure to provide a safe area for its patrons to walk, Plaintiff instituted a personal injury action on January 10, 1986, against it in the Wayne County Circuit Court. Pursuant to 28 U.S.C. § 1441, Defendant caused the matter to be removed to this Court on March 14, 1986.

In an extremely well crafted Motion to Dismiss filed on March 27, 1986, Defendant maintained that this Court lacks both general personal jurisdiction and limited personal jurisdiction over it. Defendant argued that (1) it is not incorporated in the State of Michigan; (2) it has not consented to the jurisdiction of Michigan Courts; (3) it does not maintain a continuous and systematic part of its business activity in Michigan; and (4) the alleged tort did not occur in Michigan.

It is axiomatic that a federal court located in Michigan is governed by the Michigan long-arm statute in determining whether it may exercise personal jurisdiction over a foreign defendant.[1] In regard to a Court's power to exercise general personal jurisdiction over a corporation, the controlling statute, M.C.L.A. § 600.711, prescribes:

The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.

(1) Incorporation under the laws of this state.

(2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

(3) The carrying on of a continuous and systematic part of its general business within the state.

M.C.L.A. § 600.715 empowers a federal court to exercise limited personal jurisdiction over a corporation on the basis of specified contacts with the State of Michigan, which do not have to be continuous and systematic in nature. When jurisdiction over a non-resident individual or a foreign corporation is based on a single act or a series of acts, a three-prong analysis is applied to determine whether (1) the Defendant intentionally availed itself of the privilege of acting, or causing a conse-

1. See, for example, *Microelectronic Systems Corp. of America v. Bamberger,* 434 F.Supp. 168, 169 (E.D.Mich.1977); *Poyner v. Erma Werke Gmbh,* 618 F.2d 1186, 1187 (6th Cir.1980), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980).

quence, in the forum state; (2) the cause of action arises from the activities of the Defendant within the forum state; and (3) the acts of the Defendant or the consequences caused by him have a sufficiently substantial nexus with the forum to render the exercise of jurisdiction over it reasonable.[2]

In its brief in opposition to the dismissal motion, Plaintiff asserted that Defendant expends at least eighty percent of its advertising budget in the State of Michigan through various media sources. Additionally, she contended that approximately sixty-five percent of the patrons of the race track are citizens of Michigan. Based on the foregoing advertising and sales activities, Plaintiff argues that Defendant conducts a continuous and systematic segment of its business activity in Michigan. While not disputing that it engages in substantial advertising efforts in Michigan, Defendant maintains that the alleged slip and fall injury did not stem from the advertising pursuits, but is solely a tort claim arising in a foreign jurisdiction.

■ It is beyond contravention that the jurisdictional requirements of M.C.L.A. § 600.715 have not been satisfied. The tortious act was allegedly committed in Canada, causing injury to Plaintiff in Canada.

■ The only remaining basis for the Court to exercise personal jurisdiction over the foreign corporation is the long-arm statute of the State, on the theory that the corporation engages in a systematic, continuous course of business in Michigan. The Court finds that Plaintiff has failed to state any facts that constitute the sufficient minimum contacts necessary to confer the fair and reasonable jurisdiction of the Court over Defendant. It is offensive to the concepts of due process and reasonableness to conclude that a Michigan resident can require a corporation based in another country, which virtually has no contact with Michigan, to stand trial in Michigan as a consequence of a personal injury occurring in that country. The Court lacks personal jurisdiction over Windsor Raceway, since it does not engage in a systematic, continuous course of business in Michigan within the framework of the Michigan long-arm statute.

In *Quartet Manufacturing Co. v. Allied Traders, Ltd.,*[3] an American company instituted an anti-trust action in a United States District Court against a Hong Kong corporation, which was not qualified to conduct business in Illinois. The Plaintiff, a manufacturer and distributor of bulletin boards, ordered push pins from the Defendant, a Hong Kong exporting company. The only meeting between the firms occurred in Hong Kong. Determining that the business relationship of the foreign defendant with an Illinois concern was insufficient to impose jurisdiction over the defendant, the *Quartet Manufacturing* Court made the following specific findings:

Quartet filed this suit and served Allied under the Illinois "long-arm" statute, Ill. Rev.Stat. ch. 110, §§ 16–17. It is undisputed that Allied has its principal place of business in Hong Kong, is not qualified to do business in Illinois, has not consented to service of process in Illinois, is not the parent or subsidiary of any corporation doing business in Illinois, maintains no office in Illinois, does not and has not sent any agents or employees into Illinois, does not own real or personal property in Illinois, did not solicit Quartet's order of push pins, did not have an employee or agent present in Illinois in connection with Quartet's order of push pins and did not contemplate or foresee that it might have to defend a lawsuit in Illinois.[4]

Similarly, in *Berks v. Rib Mountain Ski Corp.,*[5] an Illinois resident who was injured while skiing in Wausau, Wisconsin, instituted a personal injury lawsuit in Illinois against the ski resort. In view of the fact

**2.** *King v. Hailey Chevrolet Co.,* 462 F.2d 63, 67–68 (6th Cir.1972); C. Wright, Law of Federal Courts, § 64 at 302–304 (3d ed. 1976).

**3.** 343 F.Supp. 1302 (N.D.Ill.1972).

**4.** *Quartet Manufacturing* at 1303.

**5.** 571 F.Supp. 500 (N.D.Ill.1983).

that Defendant neither maintained an office in Illinois, owned property therein, shipped goods into the State, nor was registered to conduct business in Illinois, Plaintiffs attempted to establish that the Defendant was amenable to the jurisdiction of the Court on account of its numerous means of soliciting business in Illinois, such as newspaper advertisements, radio broadcasts of skiing conditions, and a promotion at a Chicago ski show. In declining to exercise jurisdiction over the ski resort, the District Court held that the "doing business" criterion is not satisfied through the solicitation of business by a non-resident corporation.[6]

In *Sanders v. Wiltemp Corp.*,[7] the Court held that the mere solicitation of business within a State by a foreign defendant is insufficient to permit a Court to find that the corporation engages in business in the State. While aware that a contrary result was reached in other cases, such as *Soares v. Roberts*,[8] the Court finds the holdings in *Berks, Sanders,* and *Quartet Manufacturing* to be persuasive. Plaintiff elected to patronize an establishment in Canada, which is not connected in any way to the State of Michigan other than through its solicitation of business in the State. Her decision was a volitional one; consequently, she should be required to seek redress for the alleged injury in an appropriate court in Canada, which undoubtedly would have a superior grasp of the applicable law in Canada than this Court possesses.

Therefore, the Court, pursuant to Fed.R. Civ.P. 12(b)(1), GRANTS Defendant's Motion to Dismiss for a Lack of Personal Jurisdiction.

---

**6.** *Berks* at 502.

**7.** 465 F.Supp. 71, 73 (S.D.N.Y.1979).

**8.** 417 F.Supp. 304, 308 (D.R.I.1976).