MOZDY v LOPEZ

Docket No. 125012. Submitted March 12, 1992, at Detroit. Decided December 8, 1992, at 9:10 A.M.

Brian Mozdy brought an action in the Wayne Circuit Court against Paul D. Lopez and the owners of two bars in Windsor, Ontario, Canada, known as the Beanery and the Kilarney. The plaintiff alleged liability by the owners pursuant to the Ontario dramshop act for injuries he sustained in an automobile accident in Wayne County while a passenger of Lopez, to whom employees of the bars had served alcoholic beverages. The court, Michael L. Stacey, J., granted summary disposition for the owners of the bars, ruling that it lacked personal jurisdiction. The plaintiff appealed.

The Court of Appeals *held:*

The placement of advertisements for one of the bars in a Detroit newspaper does not constitute sufficient minimum contact with Michigan to support the exercise of limited personal jurisdiction over the owners of the bars.

A nonresident defendant has sufficient minimum contacts with the State of Michigan where: the defendant has purposely availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of Michigan laws; the cause of action arises from the defendant's activities in Michigan; and the defendant's activities are so substantially connected with Michigan to make the exercise of jurisdiction reasonable. The exercise of limited personal jurisdiction over such a defendant by a Michigan court does not violate the Due Process Clause of the Fourteenth Amendment.

Affirmed.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Ira B. Saperstein*), for Brian Mozdy.

*Vandeveer Garzia* (by *Robert D. Brignall*), for the Beanery.

*Garan, Lucow, Miller, Seward, Cooper & Becker,*

P.C. (by *Thomas W. Emery* and *Nancy J. Bourget*), for the Kilarney.

Before: GRIFFIN, P.J., and HOLBROOK, JR., and REILLY, JJ.

PER CURIAM. This case concerns whether two Canadian businesses purposefully availed themselves of the privilege of conducting business in Michigan, thereby subjecting themselves to the personal jurisdiction of a Michigan circuit court. We find that neither business had sufficient minimum contacts in Michigan to warrant exercising jurisdiction over them.

The relevant, undisputed facts show that defendant Paul D. Lopez, plaintiff Brian Mozdy, and Michael Krushlin drank two pitchers of beer during lunch before driving to Windsor, Ontario. In Windsor, the group went to the Kilarney, a bar featuring nude dancers, where they drank alcohol for approximately two hours. The three men then went to the Beanery, yet another bar featuring nude dancers, where they consumed alcohol for another thirty to forty minutes. On the way home, their vehicle, being driven by defendant Lopez, crashed into a cement barrier near Jefferson Avenue and the northbound Lodge Expressway in Detroit. The accident threw plaintiff, who was sitting in the back seat, from the car.

Plaintiff filed an action against Lopez and later added the Kilarney and the Beanery as defendants. Plaintiff sought over $10,000 in damages from the businesses, asserting that they violated the Ontario dramshop act. On December 1, 1986, the Wayne Circuit Court entered an order granting summary disposition to the Kilarney and the Beanery for lack of personal jurisdiction pursuant to MCR 2.116(C)(1). Plaintiff appeals that order as of right.

The Kilarney is a Canadian partnership, and the Beanery is a Canadian corporation. Plaintiff contends that jurisdiction over these defendants exists pursuant to Michigan's long-arm statute. MCL 600.715; MSA 27A.715 provides as follows:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

There are two issues in deciding whether a court of this state can exercise jurisdiction under this statute. First, whether the rules of statutory construction support the exercise of jurisdiction over the defendants. Second, whether the exercise of limited personal jurisdiction violates the Due Process Clause of the Fourteenth Amendment. *Witbeck v Bill Cody's Ranch Inn*, 428 Mich 659, 666, n 3; 411 NW2d 439 (1987); *Walter v M Walter & Co, Inc*, 179 Mich App 409, 412; 446 NW2d 507 (1989).

However, we do not consider the issue of statutory construction because we conclude that the exercise of long-arm jurisdiction under these circumstances would violate due process.

Our Supreme Court in *Witbeck,* p 666, stated:

> The Due Process Clause of the Fourteenth Amendment "does not contemplate that a state may make binding a judgment in personam against an individual or a corporate defendant with which the state has no contacts, ties, or relations." *Int'l Shoe Co v Washington,* 326 US 310, 319; 66 S Ct 154; 90 L Ed 95; 161 ALR 1057 (1945). The "constitutional touchstone" is whether the defendant purposefully established "minimum contacts" in the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.,* 316. *Burger King Corp v Rudzewicz,* 471 US 462, 474; 105 S Ct 2174; 85 L Ed 2d 528 (1985).

Whether sufficient minimum contacts exist between a nonresident defendant and Michigan to support exercising limited personal jurisdiction is determinable by a three-part test. First, the defendant must have purposefully availed itself of the privilege of conducting activities in Michigan, thus invoking the benefits and protections of this state's laws. Second, the cause of action must arise from the defendant's activities in the state. Third, the defendant's activities must be so substantially connected with Michigan to make the exercise of jurisdiction over the defendant reasonable. *Moore v McFarland,* 187 Mich App 214, 218; 466 NW2d 309 (1991); *Walter,* p 413.

Although the plaintiff bears the burden of establishing the jurisdictional facts, a court must resolve a motion for summary disposition for lack of personal jurisdiction on the evidence submitted by

both parties. MCR 2.116(C)(1) and (G)(5); *L T Elsey & Son, Inc v American Engineering Fabrics, Inc,* 191 Mich App 146, 148; 477 NW2d 483 (1991).

In the present case, the first prong of the minimum contacts test is not satisfied. The Beanery ran an advertisement in a Detroit newspaper during the·month of the accident. The Kilarney had not advertised in Detroit for ten years before the accident, but started doing so after the accident. A business does not avail itself of the protections of a foreign state by conducting such advertising. *Witbeck,* p 671.

Plaintiff argues that the businesses advertised a type of entertainment not offered within Michigan, and that a substantial percentage of their clientele consists of Michigan residents. However, limited personal jurisdiction may not be exercised on the basis of advertising campaigns regarding services to be performed out of state where the effect of the advertisements causes Michigan residents to leave the state. *Witbeck,* p 673; *Khalaf v Bankers & Shippers Ins Co,* 404 Mich 134, 156-157; 273 NW2d 811 (1978);·*Patton v Windsor Raceway, Inc,* 635 F Supp 327 (ED Mich, 1986). Thus, we cannot find that these businesses invoked the benefits and protections of this state's laws by purposefully availing themselves of the privilege of conducting activities in Michigan.

Additionally, the second prong of the minimum contacts test was not met. Plaintiff maintains that the Beanery and the Kilarney caused a tort to· occur in Michigan by serving alcohol to a visibly intoxicated person. However, the only activity in Michigan by either establishment, the Beanery's newspaper advertisement, had no causal connection to the injury. Moreover, the group's decision to visit the Beanery was not influenced by the advertisement. The possibility that foreseeable in-

juries could occur in Michigan as a result of drinking alcohol in Canada is irrelevant. *Witbeck,* pp 666-667. Consequently, the cause of action did not arise from the defendants' limited activities in Michigan.

Regarding the third prong, we find the exercise of limited personal jurisdiction over the defendants to be unreasonable. Plaintiff failed to submit affidavits or other factual support for his assertion that the businesses actively and purposefully solicited business in Michigan. We also consider the burden that would be imposed on defendants in having to defend themselves in a foreign legal system, and on the circuit court in having to interpret the Ontario dramshop act. *Rainsberger v McFadden,* 174 Mich App 660, 666; 436 NW2d 412 (1989); *Patton,* p 330. Under the circumstances, defendants would not have anticipated being haled into court in Michigan.

We therefore find that the plaintiff failed to satisfy the due process requirements of the Fourteenth Amendment for exercising limited personal jurisdiction over the defendants.

Affirmed.