GREEN v WILSON

Docket No. 156889. Submitted March 7, 1995, at Detroit. Decided May 23, 1995, at 9:10 A.M.

Diane D. Green and Leslie L. Martin brought a negligence and dramshop action in the Wayne Circuit Court against Fraser R. Wilson, Vivio's, Inc., and Jason Enterprises, Inc., seeking damages for injuries sustained in Canada when the plaintiffs, both Michigan residents, were struck by a vehicle driven by Wilson, a Canadian resident, after Wilson allegedly was served alcohol in the defendant bars in Wayne County when he was visibly intoxicated. The court, J. Phillip Jourdan, J., granted Wilson's motion to dismiss on the basis of lack of personal jurisdiction. The court then dismissed the action with regard to the dramshop defendants, pursuant to the name and retain provision of the dramshop act, MCL 436.22(6); MSA 18.993(6). The plaintiffs appealed.

The Court of Appeals *held:*

1. The assertion of jurisdiction over Wilson would not violate the Due Process Clause and is supported by Michigan's long arm statute, MCL 600.705(2); MSA 27A.705(2).

2. In the event that Wilson is dismissed from this action upon further appeals on the ground of lack of personal jurisdiction, compliance with the name and retain provision is excused and the action may proceed against the dramshop defendants.

Reversed.

1. Actions — Jurisdiction — Nonresidents.

Two issues must be resolved in deciding whether personal jurisdiction may be asserted over a nonresident defendant: whether exercising jurisdiction would violate the Due Process Clause and whether exercising jurisdiction would be supported by the state's long arm statute (US Const, Am V; Const 1963, art 1, § 17; MCL 600.705; MSA 27A.705).

2. Actions — Jurisdiction — Nonresidents — Due Process.

Due process requires that a nonresident have minimum contacts

References

Am Jur 2d, Courts §§ 146, 146.3; Intoxicating Liquors §§ 593-600.
See ALR Index under Intoxicating Liquors; Minimum Contacts.

with the state before personal jurisdiction may be asserted over the nonresident; to establish the existence of minimum contacts, a party must show that the nonresident purposefully took the opportunity to conduct activities in the state, that the cause of action arose from those activities, and that the connection is substantial enough to make the assertion of jurisdiction reasonable; all three prongs of the test must be satisfied (US Const, Am V; Const 1963, art 1, § 17).

3. INTOXICATING LIQUORS — DRAMSHOP ACTIONS — PARTIES — NAME AND RETAIN PROVISION.

The goal of the name and retain provision of the dramshop act is to preclude collusion between the plaintiff and the allegedly intoxicated person to the detriment of the dramshop defendant; compliance with the provision may be excused where there is no danger of collusion and the allegedly intoxicated person was dismissed, or never named, because of circumstances beyond the plaintiff's control (MCL 436.22[6]; MSA 18.993[6]).

*Gagleard, Addis & Imbrunone, P.C.* (by *Michael A. Gagleard*), for the plaintiffs.

*Morrison, Morrison, & Finley* (by *Gregory W. Finley*), and *Thomas J. Cory,* for Vivio's, Inc.

*Plunkett & Cooney, P.C.* (by *Kelly A. Freeman*), for Fraser Wilson.

*Kallas & Henk, P.C.* (by *Ted M. Kozerski*), for Jason Enterprises, Inc.

Before: WHITE, P.J., and BANDSTRA and W. P. CYNAR,* JJ.

PER CURIAM. This is a negligence and dramshop action. Plaintiffs appeal as of right from the trial court's dismissal of their action on the ground of lack of personal jurisdiction over the allegedly intoxicated person, defendant Fraser Wilson. The remaining defendants were reluctantly dismissed

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

by the trial court, over plaintiffs' objections, on the basis of the name and retain provision of the dramshop act, MCL 436.22(6); MSA 18.993(6). We reverse.

Plaintiffs, both Michigan residents, allege that the dramshop defendants (Vivio's, Inc., and Jason Enterprises, Inc.) served alcohol to defendant Wilson in Wayne County even though he was visibly intoxicated. While driving home, defendant Wilson —who is a Canadian resident—struck and injured plaintiffs on the Canadian side of the Detroit-Windsor tunnel. This suit followed.

There are two issues that must be resolved in deciding whether personal jurisdiction may be asserted over defendant Wilson in this case: first, whether exercising jurisdiction would violate the Due Process Clause, and, second, whether exercising jurisdiction would be supported by the Michigan long arm statute. MCL 600.705; MSA 27A.705. *Jeffrey v Rapid American Corp,* 448 Mich 178, 185; 529 NW2d 644 (1995); see also *Mozdy v Lopez,* 197 Mich App 356, 358; 494 NW2d 866 (1992). The due process issue was decided in plaintiffs' favor below and defendants have not cross appealed. However, because the issue is potentially dispositive, it will be addressed by this Court.

In order to satisfy the Due Process Clause, a nonresident defendant must have minimum contacts with the State of Michigan. *Mozdy, supra* at 359. This depends on whether the defendant purposefully took the opportunity to conduct activities in Michigan, whether the cause of action arises from those activities, and whether the connection is substantial enough to make the assertion of jurisdiction reasonable. *Jeffrey, supra* at 186, 197; see also *Mozdy, supra* at 359. All three prongs of this test must be satisfied. See *Jeffrey, supra* at 186, 197; *Mozdy, supra* at 359. We agree with the

trial court that because defendant Wilson voluntarily came to Michigan, patronized Michigan bars, and allegedly violated Michigan law by driving drunk, jurisdiction over him was constitutionally permissible. In other words, defendant Wilson's "conduct and connection" with Michigan was such that he should have anticipated being haled into court here. *Witbeck v Bill Cody's Ranch, Inc,* 428 Mich 659, 667; 411 NW2d 439 (1987); see also *Jeffrey, supra* at 187.

Contrary to defendants' assertions, the *Mozdy* case involved the opposite situation and in fact supports the assertion of jurisdiction in this case.

In *Mozdy,* this Court held that it was not constitutionally permissible to assert jurisdiction over two Canadian bars that allegedly had served a visibly intoxicated person who later had an accident in Michigan. *Mozdy, supra* at 361. In that case, the intoxicated person was from Michigan, the accident occurred in Michigan, but the drinking took place in Canada. *Id.* at 357. This Court specifically found that, on those facts, "the cause of action did not arise from the defendants' limited [advertisement] activities in Michigan." *Id.* at 361. By contrast, in this case, the cause of action certainly arose from drinking that allegedly took place in Michigan.

Having decided that an assertion of jurisdiction would be constitutionally permissible in this case, we now consider whether doing so would be supported by Michigan's long arm statute, MCL 600.705(2); MSA 27A.705(2).

Michigan's long arm statute has been interpreted to grant the broadest basis for jurisdiction consistent with due process. *Schneider v Linkfield,* 389 Mich 608, 616; 209 NW2d 225 (1973). Plaintiffs' counsel conceded below that jurisdiction was

not appropriate under subsection 1 of the statute.[1] See MCL 600.705(1); MSA 27A.705(1) (nonresident transacts business within the state). Instead, plaintiffs relied on subsection 2, which provides that grounds for personal jurisdiction arise by the "doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort." MCL 600.705(2); MSA 27A.705(2). An action for tort includes an action provided for by statute. *Black v Rasile*, 113 Mich App 601, 603; 318 NW2d 475 (1980).

The complaint in this case states a negligence action against defendant Wilson arising from the automobile accident. However, it also states a dramshop action arising from his allegedly having consumed alcohol in Michigan after being visibly intoxicated. Defendant Wilson is a necessary party to that action by virtue of the dramshop act's name and retain provision, MCL 436.22(6); MSA 18.993(6).

Dramshop liability arises from the furnishing of alcohol to a visibly intoxicated person who later injures another. *Id.* The site of the accident is fortuitous and completely outside the control of the dramshop defendants. See *Mozdy, supra* at 360-361. Thus, in accordance with *Mozdy,* the bars involved in this case would surely not agree that they should be subject to suit in Canada merely because they served a Canadian patron who went on to have an accident in Canada.

It is true that, as argued by the dramshop defendants, there would be no cause of action in this case but for the automobile accident. However, the basis of the dramshop action arises from the furnishing of alcohol, not merely from the accident. Clearly, if defendant Wilson was served

---

[1] We therefore do not decide whether defendant Wilson transacted business within this state.

alcohol by these defendants in violation of the statute, it happened in Michigan.

Defendant Wilson allegedly did an act in Michigan, drinking after already being intoxicated, that resulted in a dramshop action to which he is a necessary party. We therefore find that asserting personal jurisdiction over him is supported by subsection 2 of the long arm statute. Nevertheless, for the sake of completeness, we consider whether the action should proceed against the dramshop defendants even if defendant Wilson were to be dismissed for lack of personal jurisdiction.

The goal of the name and retain provision is to preclude collusion between the plaintiff and the allegedly intoxicated person to the detriment of the dramshop defendant. *Shay v JohnKal, Inc,* 437 Mich 394, 399-400; 471 NW2d 551 (1991). Compliance with the name and retain provision has been excused where there is no danger of collusion and where the allegedly intoxicated person was dismissed, or never named, because of circumstances beyond the plaintiff's control. *Id.* at 401-402 (dismissal of intoxicated person resulted from acceptance of mediation award); see also *Salas v Clements,* 399 Mich 103, 109-110; 247 NW2d 889 (1976) (the plaintiffs were assaulted by an unknown intoxicated person).

In this case, there is no danger of collusion between plaintiffs and defendant Wilson. Plaintiffs are in no way responsible for defendant Wilson's dismissal for lack of personal jurisdiction. We find that, under these circumstances, strict enforcement of the name and retain provision would produce an absurd result. See *Salas, supra* at 109. Therefore, if defendant Wilson is dismissed upon further appeals on the ground of lack of personal jurisdiction, this Court would find that compliance with the name and retain provision is excused and

that this action should proceed against the dram-shop defendants.

Reversed.