*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KELLY MARIE GRAHAM,

        Plaintiff-Appellee,

v

KEVIN DWAYNE CRAFT,

        Defendant-Appellant.

UNPUBLISHED
September 14, 2023

No. 364274
Kent Circuit Court
LC No. 22-003941-DP

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

In this paternity case, defendant, Kevin Dwayne Craft, appearing *in propria persona*, appeals by right the trial court's December 13, 2022 judgment of paternity and uniform child support order setting defendant's child support obligation at $720 a month. We affirm.

## I. BACKGROUND

On April 29, 2022, the prosecutor filed a paternity complaint on behalf of plaintiff, Kelly Marie Graham, and the minor child (KRG) to establish child support and paternity of KRG under the Paternity Act. Defendant was alleged to be the father of KRG. The prosecutor also alleged that defendant had the ability to provide support to KRG.

The prosecution had problems serving defendant, and was therefore granted permission to use alternate means to serve defendant. Defendant was eventually served on July 7 and 8, 2022. On July 21, 2022, on the court's own motion, the trial court entered an order for genetic testing of plaintiff, defendant, and KRG.

After being served, defendant filed numerous motions in the trial court, but he did not notice any of the motions for hearing in accordance with MCR 2.119. For that reason, the trial court did not hear any of defendant's motions.

On November 3, 2022, the prosecutor filed a motion for entry of the proposed paternity judgment and proposed uniform child support order that she submitted with the motion. The

prosecutor also filed a notice of hearing with remote participation instructing all parties how to participate.

Defendant filed a number of motions following the prosecutor's motion, including one on December 7, 2022, titled "Notice of Default Judgment Filed Under Federal Rule 55," but, like with the rest of defendant's motions, the trial court never held a hearing on this motion because defendant failed to properly notice it for hearing.

On December 9, 2022, a hearing took place before a referee on the prosecutor's motion for child support. Both plaintiff and defendant were present for the hearing. The prosecutor argued that service was proper on defendant on July 8, 2022. The prosecutor stated that genetic testing was coordinated with defendant on multiple occasions, but he failed to appear. Plaintiff advised the prosecutor that defendant is the only potential father, as plaintiff and defendant were engaged and living together at the time KRG was conceived. The prosecutor requested that the referee enter the proposed judgment of paternity and uniform child support order pursuant to MCL 722.716(1)(a).

Following the prosecutor's arguments, the referee repeatedly gave defendant the opportunity to make a statement and defendant did so. In those statements, defendant objected to the referee's entering of any order and demanded that the referee "provide evidence of personal jurisdiction" and respond in writing to his motions. Defendant also requested the opportunity to appeal. In response, the referee told defendant that she would grant the prosecutor's motion so that defendant could then appeal.

The referee signed the judgment of paternity and uniform child support order on December 12, 2022, and the trial court signed and entered both orders on December 13, 2022. The paternity judgment deemed defendant the father of KRG and found defendant to have net earnings of $2,561.80 (actual income) per month. The judgment gave plaintiff physical custody of KRG. The child support order gave defendant zero overnights with KRG and ordered that defendant pay to plaintiff $720/month.

On December 19, 2022, defendant filed an objection to the referee's order. In that objection, defendant argued that the trial court could not move forward until the court responded in writing to his various motions.

On January 12, 2023, the trial court issued a notice of hearing to the parties scheduling defendant's objection for February 3, 2023. On that date, the trial court held a Zoom hearing on defendant's objection and entered an order denying defendant's objection. The trial court held that "all current judgment of paternity orders [would] remain in effect."

This appeal followed.

## II. ANALYSIS

Before turning to the substantive analysis, we recognize that, at all times, defendant has been proceeding *in propria persona*. Although individuals appearing *in propria persona* are entitled to a degree of leniency when construing their pleadings, they are not exempt or excused

from supporting their claims. *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976).

## A. DEFENDANT'S TRIAL COURT MOTIONS

Defendant argues on appeal that the trial court's failure to address his motions titled, "Notice of Rebuttal I am Not a Person" and a "Notice of Dismissal and Default Judgment under Federal Rule 55," deprived him of his right to be heard and present his legal arguments. Defendant also argues that the trial court's failure to respond to said motions violated his due process rights. This Court was unable to locate a motion titled "Notice of Rebuttal I am Not a Person" in the record; defendant filed numerous motions in the trial court with lengthy titles, but none contain this title. On December 7, 2022, defendant filed a "Notice of Default Judgment filed under Federal Rule 55 or a State Law Equivalent Mich Ct. R. 2.603 Notice of Dismissal in Response to Plaintiff's Failure to Meet Constitutional Requirement of Meeting the Minimum of Standing to Bring a Claim." This title is similar to "Notice of Dismissal and Default Judgment under Federal Rule 55," and is presumably the motion defendant is referring to on appeal. Notably, defendant did not file a notice of hearing with this motion or any other motion he filed with the trial court in order to have his motions heard by the court. Defendant also argues that the trial court's "failure to respond" to his motions was a violation of due process and thus requires this Court to reverse the trial court. We disagree with both arguments.

We consider both of defendant's arguments to be abandoned. *Blackburne & Brown Mortg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) ("An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position. Insufficiently briefed issues are deemed abandoned on appeal.") (Quotation marks and citations omitted.) Defendant failed to cite any authority which would require the trial court to address or respond to defendant's motions that were never properly noticed for hearing. Defendant also failed to sufficiently brief his argument that his due process rights were violated. However, even addressing these arguments, both are without merit.

As noted above, defendant failed to include a notice of hearing with any of the motions he filed in the trial court. MCR 2.119 provides in relevant part:

> (C) Time for Service and Filing of Motions and Responses.
>
> (1) Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), *notice of the hearing on the motion*, and any supporting brief or affidavits must be served as follows:
>
> (a) at least 9 days before the time set for the hearing, if served by first-class mail, or
>
> (b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a). [emphasis added]

Without a notice of hearing, defendant's motions were not filed in accordance with MCR 2.119 and were not properly scheduled to be heard by the trial court. Thus, the trial court did not err by failing to address defendant's motions. Defendant does not explain how his due process rights were violated by the trial court's failure to hear or respond to defendant's motions, which were not filed in compliance with the applicable court rules. For thoroughness, however, we will address defendant's due process argument.

A claim of deprivation of procedural due process is a question of constitutional law, which this Court reviews de novo. *Bonner v City of Brighton*, 495 Mich 209, 221; 848 NW2d 380 (2014). The guarantee of procedural due process requires "notice and an opportunity to be heard" prior to a deprivation of life, liberty, or property. *Id.* at 235. Defendant's due process rights were not violated as he had notice of the hearing regarding the prosecutor's motion for child support on December 9, 2022, and the opportunity to be heard at the hearing.

In addition, defendant argues that under MCR 2.119, a court must grant a motion that is not opposed, provided the motion is well-taken. There is nothing in MCR 2.119 that supports defendant's argument. Therefore, defendant's argument is without merit.

## B. THE ABSENCE OF A PROMISSORY NOTE OR CONTRACT

Defendant appears to argue on appeal that without evidence of a promissory note or contract, he cannot be held responsible for child support. Defendant failed to cite to any authority in support of his position and therefore this Court considers his argument abandoned. *Blackburne*, 264 Mich App at 619. However, addressing this issue for the sake of thoroughness, defendant's argument is without merit.

The Paternity Act, MCL 722.717, governs issues of child support in paternity cases for minor children in Michigan. MCL 722.717 specifically provides, in relevant part:

(1) In an action under this act, the court shall enter an order of filiation declaring paternity and providing for the support of the child under 1 or more of the following circumstances:

(a) The finding of the court or the verdict determines that the man is the father.

(b) The defendant acknowledges paternity either orally to the court or by filing with the court a written acknowledgment of paternity.

(c) The defendant is served with summons and a default judgment is entered against him or her.

(d) Genetic testing under section 6 determines that the man is the father.

Pursuant to this statute, the trial court had the authority to enter the judgment of paternity and uniform child support order. The trial court found that defendant is the father of KRG and entered the paternity judgment after defendant was properly served with the summons and failed to file an answer. There is no requirement in MCL 722.717 that the trial court require proof of a contract or

promissory note in order to enter a paternity judgment and child support order. The trial court was thus clearly within its authority to issue the judgment of paternity and uniform child support order under MCL 722.717. See also *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015).

## C. PERSONAL AND SUBJECT-MATTER JURISDICTION

Defendant argues that the trial court did not have personal or subject-matter jurisdiction because there was no sworn affidavit, verifiable complaint, or forensic evidence proving that defendant committed a common law crime or was responsible for damages. Defendant argues that without such evidence, there was no legal basis for the trial court to order defendant to pay child support.

Defendant failed to cite any authority in support of his position that the trial court lacked both personal and subject-matter jurisdiction. Thus, this Court considers his argument abandoned. *Blackburne*, 264 Mich App at 619. However, even addressing this issue, we disagree with defendant.

Whether a court has personal or subject-matter jurisdiction is a question of law that this Court reviews de novo. *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015); *Oberlies v Searchmont Resort*, Inc, 246 Mich App 424, 426; 633 NW2d 408 (2001).

Before a court may require a party to comply with its orders, the court must have in personam jurisdiction over the party. *Oberlies*, 246 Mich App at 427. "Jurisdiction over the person may be established by way of general personal jurisdiction or specific (limited) personal jurisdiction." *Id.* MCL 600.701 provides that general personal jurisdiction can be obtained over a defendant who was present in Michigan at the time that process was served; who was domiciled in Michigan at the time process was served; or who consents to personal jurisdiction. In this case, defendant was domiciled in Michigan at the time he was served at his verified address in Muskegon, Michigan. As a result, the trial court had general personal jurisdiction over defendant.

Subject-matter jurisdiction "is the right of the court to exercise judicial power over a class of cases, not the particular case before it." *Grebner v Oakland Co Clerk*, 220 Mich App 513, 516, 560 NW2d 351 (1996). The Paternity Act, MCL 722.714, grants the circuit court subject-matter jurisdiction to determine the paternity of a child born out of wedlock and to order child support. *Teran*, 313 Mich App at 205. See also MCL 722.717. Therefore, the trial court also had subject-matter jurisdiction to determine the paternity of KRG and to order defendant to pay child support.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney