**Clyde CORNETT, by his Next Friend, Rauleigh Cornett, Appellant,**

v.

**Richard SMITH, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1969.

John C. Dixon, Barbourville, Cordell H. Martin, Hindman, Rudy Yessin, Edward L. Fossett, Smith, Reed, Yessin & Davis, Frankfort, for appellant.

Paul E. Braden, Sutton, Forcht & Braden, Corbin, for appellee.

CLAY, Commissioner.

This is a suit by plaintiff appellant, an infant, to recover damages for injuries arising out of an automobile accident. After a number of pleadings, motions and rulings, the trial court finally dismissed the claim on the ground that it was barred by the statute of limitations.

The procedural aspects of this case are unusual. The suit was filed June 15, 1963. The complaint alleged that the accident took place in Illinois on June 17, 1962. It further alleged that the appellee defendant at the time of the accident was a citizen and resident of Knox County, Kentucky, but at the time of the filing of the complaint he was a resident of Illinois and was absent from the State of Kentucky. The suit sought only damages and prayed that "a warning order be appointed". Summons was issued on this complaint (which the plaintiff did not intend) and it was returned with the notation that the sheriff had learned the defendant was in Illinois.

On June 17, a warning order attorney was appointed, but the record fails to show

that he performed any of his duties prescribed by CR 4.07.

On August 26 defendant filed a motion to quash the summons and process and an answer. He also moved to dismiss on the ground the claim was barred by the statute of limitations. It does not appear to have occurred to anyone involved in this lawsuit that at that time limitations was not a valid defense to the suit by the *infant* plaintiff. KRS 413.170. On November 6, 1963, the trial court quashed the "attempted process" by warning order and gave the plaintiff 10 days to amend his complaint. An amended complaint was duly filed on November 14. It was therein alleged the defendant was a citizen and resident of Knox County, Kentucky, "and is, was and has been (such) at all times prior to and after the filing of this action". *No summons was issued on this amended pleading.*

Both parties then retired from the field, and nobody was heard from until November 14, *1967*. On that day the defendant moved the court to dismiss the action for lack of prosecution. Subsequently the defendant moved to dismiss for insufficiency of process and insufficiency of service, and because the action was barred by the statute of limitations. Finally, on March 14, 1968, the court dismissed the action as being barred by limitations.

Throughout these proceedings, including this appeal, the parties have practiced the case on the principal issue of whether plaintiff's original and amended complaints constituted the commencement of an action "in good faith" under KRS 413.250 and CR 3. It was assumed that unless the action was commenced at the time of filing the original complaint (which was just within a year from the date of the accident), the action was barred by KRS 413.320. As before noted, this statutory limitation could not be invoked because plaintiff was an infant and KRS 413.170 extended the time for bringing an action beyond the removal of his disability.

■ It is unnecessary to consider the question of "good faith" in the commencement of the action, although it is related to a valid ground on which plaintiff's claim should have been dismissed. That ground is, the court did not acquire jurisdiction over the person of the defendant.

The initial and only summons delivered to the sheriff of Knox County (which plaintiff did not intend to have issued) was returned without being served. The warning order process was quashed and the plaintiff does not question the correctness of this ruling by the trial court. (It was proper because the conditions prescribed by KRS 452.465 were not fulfilled and because the warning order attorney had not performed the duties prescribed in CR 4.07.) No summons was issued on the amended complaint. It is therefore apparent that the defendant was not brought before the court by any form of process. He properly and continuously interposed this defense.

■ At an oral argument in this case plaintiff contended that actually the defendant entered his appearance (thereby waiving the lack of jurisdiction over his person) when he filed his motions and answer on August 26, 1963. However, at that time the defendant raised the personal jurisdiction question and his other motions and his answer did not waive this defense. CR 12.02 very specifically provides:

"No defense or objection is waived by being joined with one or more defenses or objections in a responsive pleading or motion."

Defendant has throughout these proceedings insisted that no proper process was issued against him, and that is true. To this day, as far as this record shows, no action has been commenced against him in good faith, and he has not entered his appearance.

As above noted, the trial court dismissed the claim on the ground that the action was barred by the statute of limitations. The

appropriate ground for dismissal was that there was a lack of jurisdiction over the person of the defendant.

The judgment is affirmed.

All concur.