Gribbs, J.
 

 Plaintiffs appeal as of right from the order denying their motion for summary disposition under MCR 2.116(C)(9) and dismissing their case under MCR 2.116(I)(2). We reverse and remand for entry of an order granting summary disposition in favor of plaintiffs.
 

 This is an action to collect on a judgment issued by a Mississippi chancery court. Plaintiffs, defendant’s ex-wife and two adult children, are residents of Mississippi. Defendant is currently a resident of Michigan. Defendant was bom and raised in Mississippi. He lived outside the state from 1966 until 1969, while enlisted in the army, but returned to Mississippi in 1970 and resided in Jackson, Mississippi. Defendant and plaintiff Jacqueline Poindexter were married in Mississippi in 1971. Defendant and plaintiff had two children, plaintiffs Tokeya Poindexter and Vedel Poindexter, who were both bom in Mississippi. In 1973, defendant moved from Mississippi, where he was domiciled, to Michigan, and he has been a resident of Michigan continuously since that time. When defendant left Mississippi in 1973, he left behind his wife and his children. He never provided any child support for the children. A divorce judgment was entered on August 23, 1983, in Mississippi, but the issue of defendant’s child support obligation was not determined during the divorce proceedings in light of
 
 *319
 
 the failure to secure personal service of defendant because his whereabouts were unknown.
 

 On April 3, 1995, plaintiffs filed an action in the Chancery Court of Pike County, Mississippi, seeking to impose a child support obligation on defendant for the period between the entry of the divorce judgment and the dates on which each child reached the age of twenty-one years. Defendant was personally served with a copy of the complaint and summons in Grand Rapids, Michigan. Defendant did not answer the complaint, appear in the proceedings in Mississippi, or secure counsel to represent his interests in the proceedings. On February 26, 1996, the chancery court entered a judgment against defendant and in favor of plaintiffs in the amount of $137,179.58. On June 11, 1996, plaintiffs filed the instant action in the Kent Circuit Court, seeking to collect on the Mississippi judgment in light of defendant’s refusal to satisfy the judgment. The trial court dismissed plaintiffs’ action pursuant to MCR 2.116(I)(2), finding that the Mississippi court never acquired personal jurisdiction over the defendant.
 

 Plaintiffs’ sole issue on appeal is that the trial court erred in finding that the Mississippi court lacked jurisdiction over defendant to enter the child support judgment against him. We agree. Whether a court has personal jurisdiction over a party is a question of law, which this Court reviews de novo.
 
 Jodway v Kennametal, Inc,
 
 207 Mich App 622, 632; 525 NW2d 883 (1994).
 

 Mississippi law regarding personal jurisdiction has been summarized as follows:
 

 Before a court, any court, has authority to make an adjudication affecting the important rights of a non-resident. . .
 
 *320
 
 at least four distinct predicates must be established. In no particular order these are:
 

 (1) The defendant must be amenable to suit in the forum state consistent with due process; that is, the defendant must have constitutionally adequate minimum contacts with the forum state. . . . Though this imperative is largely a function of US Const, Art [sic] XIV, it may derive as well from the state’s due process clause. Miss Const, Art 3, § 14 (1890) ____
 

 (2) The defendant must have been accorded procedural due process consistent with the federal constitution; that is, he must have been given reasonable advance notice of the trial or hearing and a meaningful opportunity to be heard in response. . . . Again, this requirement emanates from the Due Process Clause of the Fourteenth Amendment. It may also be predicated upon the state’s constitutional due process imperative. . . .
 

 (3) The defendant must be amenable to suit here as a matter of state statutory law. . . . Here we refer to such requirements in our law as those found in Miss. Code Ann. § 13-3-57 (Supp. 1986) (that defendant has made a contract to be performed here, committed a tort here, or done business here), § 11-31-1 (Supp. 1986) (that defendant has property here), etc. A state’s long arm statute need not necessarily extend to the federal constitutional outer limits of state power.
 

 (4) The defendant must have been served with process in conformity with the requirements of a procedural rule prescribing the manner of service of process. . . .
 

 Each of these requisites is independent of the other three. All four must be satisfied before a court of the forum state may do anything that affects the important rights of the defendant and that is entitled to enforcement in the forum state or to full faith and credit elsewhere.
 
 [McDaniel v Ritter,
 
 556 So 2d 303, 307, n 4 (Miss, 1989). ]
 

 See also
 
 Noble v Noble,
 
 502 So 2d 317, 321, n 1 (Miss, 1987). Only the first and third requirements are at issue in this appeal.
 

 
 *321
 
 Addressing the third requirement first, to assert personal jurisdiction over a nonresident defendant, the defendant must be amenable to suit under Mississippi’s long-arm statutes. Relevant here is Miss Code Ann 13-3-57 (1997 Supp), which provides, in pertinent part:
 

 Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.
 

 In
 
 Jones v Chandler,
 
 592 So 2d 966 (Miss, 1991), the plaintiff mother, a resident of Mississippi, and the defendant father, a resident of Tennessee, were previously students at a Mississippi college. During that time, the two dated and had sexual relations, but never married and never lived together as husband and wife. The two conceived a son in Mississippi, who was bom in Mississippi. The defendant denied paternity and refused to support the child. On March 14, 1989, the plaintiffs (the mother and son) filed a complaint alleging that the defendant was the father and demanding child support in a chancery court of Mississippi. The chancery court entered a judgment for the plaintiffs, and the defendant appealed, arguing that the chancery court did not have personal jurisdiction over him.
 
 Id.
 
 at 968. On appeal, the
 
 Jones
 
 court determined that Mississippi’s long-arm statute
 
 *322
 
 could be used to compel the defendant to appear in Mississippi and defend the action:
 

 Begatting a child suggests the father has assumed a quasi-contractual obligation to support the child,
 
 the statute requiring only a contract “to be performed in whole or in part by any party in this state.” Begatting a child and refusing to support it sounds in tort, in the sense that we think a tort a “civil wrong.” Section 13-3-57’s catchall—“do any business or perform any character of work or service in this state”—is so broad that it belies any suggestion it be limited to commercial activity.
 

 Two points need be made clear. Mississippi law makes a non-resident’s amenability to suit in our courts turn on his activity in this state, and the effects he causes here. It is not necessary that we label that activity or those effects as tortious, or even inquire whether they be so, as the personal jurisdiction inquiry proceeds wholly apart from any thought of the (de)merits of the plaintiff’s claim. By the same token,
 
 the fact that the begatting act occurred some eleven years prior to this suit is of no concern. [Id.
 
 at 970-971 (emphasis added, citations omitted).]
 

 The nonresident defendant must also have constitutionally adequate minimum contacts with Mississippi. See
 
 Noble, supra; Penton v Penton,
 
 539 So 2d 1036, 1038 (Miss, 1989). The United States Supreme Court has held that the Due Process Clause allows a state to exercise personal jurisdiction over a nonresident if the nonresident has “minimum contacts” with the state so that “traditional notions of fair play and substantial justice” are not offended.
 
 Int’l Shoe Co v Washington,
 
 326 US 310, 316; 66 S Ct 154; 90 L Ed 95 (1945). The “minimum contacts” requirement is satisfied if a defendant “purposely avails [himself] of the privilege of conducting activities within the forum
 
 *323
 
 State, thus invoking the benefits and protections of its laws.”
 
 Hanson v Denckla,
 
 357 US 235, 253; 78 S Ct 1228; 2 L Ed 2d 1283 (1958). If a defendant purposefully avails himself of a state’s laws, he reasonably can anticipate being haled into that state’s courts.
 
 World-Wide Volkswagen Corp v Woodson,
 
 444 US 286, 297; 100 S Ct 559; 62 L Ed 2d 490 (1980);
 
 Wilkinson v Mercantile Nat’l Bank at Dallas,
 
 529 So 2d 616, 618-620 (Mss, 1988).
 

 In
 
 Penton, supra,
 
 the defendant argued, among other things, that he had insufficient contacts with Mssissippi to justify the assertion of personal jurisdiction over him in 1985. The defendant and the plaintiff in
 
 Penton
 
 were married in Mssissippi on August 12, 1967. They had three children during their marriage, who continued to live in Mississippi. The parties were divorced in 1982, but remarried in Mississippi in 1983. Their residence, before the defendant father left the state, was Mississippi. Under these facts, the Mssissippi Supreme Court held that the defendant had sufficient minimum contacts with the state of Mississippi to justify the assertion of personal jurisdiction over him after he became a nonresident of the state. The court also concluded that assertion of personal jurisdiction over the nonresident defendant was not contrary to notions of fair play, because Mssissippi has a deep interest in the marriage, separation, divorce, and support of its citizens.
 
 Penton, supra
 
 at 1038.
 

 In this case, the Mississippi chancery court clearly had authority to make an adjudication of defendant’s rights. Under the facts of this case, the Mssissippi chancery court could properly exercise jurisdiction over defendant under the Mississippi long-arm stat
 
 *324
 
 ute, Miss Code Ann 13-3-57 (1997 Supp), because defendant fathered his two children in Mississippi and failed to support these Mississippi residents.
 
 Chandler, supra.
 
 Indeed, the facts of this case are more compelling than those in
 
 Chandler,
 
 because here defendant and plaintiff were married in Mississippi and the children were conceived and bom in Mississippi during the marriage.
 

 In addition, defendant had constitutionally sufficient minimum contacts with Mississippi to satisfy US Const, Am XIV. Here, defendant was bom and raised in Mississippi, he and plaintiff were married in Mississippi in 1971, and defendant fathered two children, who were each conceived and bom during the marriage in Mississippi in 1972 and 1973. Also, the parties resided in Mississippi while they were married, and the two children and plaintiff continued to live in Mississippi after defendant left. A divorce judgment was sought and granted in Mississippi. These facts constitute overwhelming evidence for the conclusion that defendant had sufficient minimum contacts with the state of Mississippi to justify the assertion of personal jurisdiction over him. Moreover, as the
 
 Penton
 
 court found, the assertion of personal jurisdiction is not contrary to notions of fair play because Mississippi has a deep interest in the marriage, separation, divorce, and support of its citizens.
 
 [1]
 

 Accordingly, because the Mississippi chancery court had jurisdiction over defendant, the Kent Circuit Court erred in dismissing plaintiffs’ case. Moreover, because a judgment entered in another state is
 
 *325
 
 presumptively valid and subject to recognition in Michigan under the Full Faith and Credit Clause, US Const, art IV, § 1;
 
 Henry v Henry,
 
 362 Mich 85, 102; 106 NW2d 570 (1960);
 
 Martino v Cottman Transmission Systems, Inc,
 
 218 Mich App 54, 58; 554 NW2d 17 (1996), and because defendant’s defense is so clearly untenable as a matter of law that no factual development could possibly deny plaintiffs’ right to a recovery, plaintiffs are entitled to judgment under MCR 2.116(C)(9).
 
 Nicita v Detroit,
 
 216 Mich App 746, 750; 550 NW2d 269 (1996). Reversed and remanded for entry of judgment in favor of plaintiffs. We do not retain jurisdiction.
 

 [1]
 

 We note that, under the facts of this case, the fact that defendant has not resided in Mississippi in twenty-two years is not determinative of whether he is amenable to suit in Mississippi. See
 
 Chandler, supra.