PIZZA PUB OF BURNSIDE, Kentucky, Inc., d/b/a The Pub of Burnside, Appellant.

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL; and Commonwealth of Kentucky, Kentucky Alcoholic Beverage Control Board, Appellees.

No. 2012–CA–002031–MR.

Court of Appeals of Kentucky.

Nov. 27, 2013.

Stephen G. Amato, Preston C. Worley, Lexington, KY, for appellant.

Stephen B. Humphress, Frankfort, KY, for appellee, Commonwealth of Kentucky Department of Alcoholic Beverage Control.

David A. Smith, Frankfort, KY, for appellee, Commonwealth of Kentucky Alcoholic Beverage Control Board.

Before COMBS, LAMBERT, and THOMPSON, Judges.

## OPINION

LAMBERT, Judge:

Pizza Pub of Burnside Kentucky, Inc., d/b/a The Pub of Burnside, ("Pizza Pub"), has appealed from the opinion and order of the Franklin Circuit Court affirming the decision of the Kentucky Alcoholic Beverage Control Board ("the ABC Board") to revoke its license to sell alcohol. Because we agree with Pizza Pub that its due process rights were violated and that the ABC Board should have continued the administrative hearing to allow Pizza Pub to retain new counsel, we reverse.

Pizza Pub, also known as The End Zone, is an incorporated establishment owned by Gerard A. Weigel, Jr., and is physically located in Burnside, Pulaski County, Kentucky. Pizza Pub obtained Limited Restaurant License No. 100–LR–289 on November 7, 2008, after a Kentucky Revised Statutes (KRS) 242.185(6) local option election measure passed, which permitted "the sale of alcoholic beverages by the drink . . . at restaurants and dining facilities with a seating capacity of at least one hundred (100) persons and which derive at least seventy percent (70%) of their gross receipts from the sale of food[.]" [1] In May 2010, Investigator Mark Cassity, of the Kentucky Department of Alcoholic Beverage Control ("the Department") filed a report detailing the findings from an audit earlier in 2010 by Investigative Auditor Angela Brown. The findings established that Pizza Pub had failed to maintain the

---

1. This statute was repealed effective June 25, 2013.

70%/30% food to alcoholic beverage sales requirement for the holder of a limited restaurant license and was indebted to the Department of Revenue. Auditor Brown determined that Pizza Pub had food sales of only 45%.

On June 16, 2010, the ABC Board notified Pizza Pub that a report of licensee investigation had been issued and ordered Pizza Pub to appear at a hearing on August 5, 2010, to determine whether it had violated KRS 241.010(27)(a) and KRS 242.185(6) for failure to maintain 70% food sales;[2] KRS 243.500(5) for incurring a tax arrearage of $9,600.23 as of May 7, 2010;[3] KRS 243.490(1) and KRS 243.500(2) for making false material statements in its license application and renewal application.[4] The notice provided that if the licensee was a corporation, "it shall be represented by legal counsel at all stages of the administrative proceeding. All licensees have the right to be represented by counsel, to present witnesses on its behalf, to cross-examine the Department's witnesses, and to make opening and closing statements."

Prior to the hearing date, Pizza Pub's attorney, Jay McShurley, sent a letter to the Department indicating that Mr. Weigel had implemented policies and restrictions on the sale of alcoholic beverages that established a trend toward the 70%/30% ratio of food to alcohol sales. On August 4, 2010, the ABC Board canceled the hearing and scheduled a prehearing conference to permit the parties to continue the settlement negotiations initiated in attorney McShurley's correspondence. The ABC Board held the prehearing conference on August 23, 2010, with attorney McShurley representing Pizza Pub. Mr. Weigel also attended, and he provided the ABC Board with information about the significant operational changes he had implemented since the Department's audit, including monthly sales reports that showed a continuing increase in food sales percentages which would soon reach 70%. Pizza Pub requested that the hearing be postponed to give it additional time to reach compliance and negotiate a non-license revocation penalty with the Department. While the Department did not object, it asked that Pizza Pub be required to provide additional information to Auditor Brown to substantiate the monthly sales reports. Therefore, the ABC Board ordered Pizza Pub to file with the Department monthly sales reports for a six-month period starting September 1, 2010, and ending February 28, 2011, to be run directly from the cash register system. At the conclusion of the six-month period, Auditor Brown was to conduct a review and prepare a report regarding Pizza Pub's compliance.

In April 2011, Auditor Brown filed a report as ordered, and the Department filed the audit report with the ABC Board shortly thereafter. Based upon the results of the audit, the Department informed the ABC Board that Pizza Pub had failed to

**2.** The order recited: "On or about September 1, 2009, through February 28, 2010, and for an undetermined period of time prior thereto, the licensee's gross receipts from the sale of food were less than the required seventy percent (70%) of the total gross income from the sale of food for a limited restaurant, as defined in KRS 241.010(27), in violation of the above statutes."

**3.** The order recited: "On or about May 7, 2010, and for an undetermined period of time

[prior] thereto, the licensee failed or defaulted to pay taxes owed or file sales and use returns to the Commonwealth of Kentucky, Department of Revenue, in violation of the above statute."

**4.** The order recited: "On or about May 21, 2009, the licensee, an agent, servant, or employee, made false, material statements in its application and its renewal application, in violation of the above statutes."

comply and maintain adequate food sales as required by its limited restaurant license, which constituted 49% of its total gross sales. The audit report also showed that Pizza Pub had attempted to defraud the Department and the ABC Board by reporting 67% food sales by programming the cash register system to categorize certain alcohol sales as food sales. The Department moved the ABC Board to set the case for a hearing where it would be seeking revocation of Pizza Pub's license. The ABC Board granted the motion and scheduled the hearing for July 6, 2011. The order again provided that "[i]f the Licensee is a corporation, LLC, or other artificial entity registered with the Kentucky Secretary of State, it shall be represented by legal counsel at all stages of the administrative proceeding."

On June 30, 2011, attorney McShurley faxed a notice of withdrawal as counsel for Pizza Pub to the ABC Board and the other parties. In the notice, he indicated that Mr. Weigel intended to retain other counsel and requested that the ABC Board provide Pizza Pub with additional time to retain new counsel and prepare for the hearing in order to provide it "with an opportunity to have all due process rights and a fair hearing[.]"

The parties appeared on July 6, 2011, for the administrative hearing. However, Mr. Weigel and his wife appeared without an attorney to represent Pizza Pub. When the hearing chairman recognized that Pizza Pub was not represented by an attorney, Stephen Humphress, counsel for the Department, indicated that Pizza Pub's prior attorney had filed a notice to withdraw the prior Thursday by fax. Attorney Humphress indicated that he had spoken with attorney McShurley three or four weeks before receiving the notice of withdrawal, and he told him he was getting out of the case. Attorney McShurley asked if he needed to file a motion and get a Board order; attorney Humphress told him a notice would be sufficient, and he expected another attorney to enter and make an appearance at the hearing. However, attorney Humphress received a voice mail message from attorney McShurley the Wednesday prior to the hearing stating that he was not aware if Pizza Pub had obtained counsel, but that he was still going to get out of the case. Attorney McShurley asked if he was agreeable to a continuance; attorney Humphress called the next day to say he was not agreeable to a continuance because the case was over a year old, and that Pizza Pub would have to retain counsel and file a motion to request a continuance, but he would oppose any such motion. Attorney Humphress then received the faxed copy of the notice of withdrawal. Attorney Humphress and the hearing chairman then discussed the procedural history of the case and that Pizza Pub's means to obtain compliance was to defraud the Department. The hearing chairman told Mr. Weigel, "The Kentucky Supreme Court has ruled that an individual who's not an attorney cannot represent a corporation, so I cannot let you speak at this hearing, sir."

The hearing went on as scheduled from there. The Department called Auditor Brown to testify about her investigation of Pizza Pub's violations, and at the conclusion of her testimony, the following exchange took place:

- Mr. Weigel: "Mr. Chairman, is it alright if I come up there just a second? I won't talk. I just need to ask you a question."
- Board Chairman: "I don't think you're allowed to, sir."
- Attorney Humphress: "Again he can't represent the licensee because that's an unauthorized practice of law. It's a crime."

- Board Chairman: "That's what. I'm saying. I can't allow it."
- Mr. Weigel: "Well, I was given—I was given different information by two different lawyers of what I would be able to do today."
- Board Chairman: "I think in your show cause—in the notice you got, it stated in there that if you were not an attorney, you would not be able to represent the licensee."
- Mr. Weigel: "It just says it shall be represented by legal counsel at all stages of the administrative hearing. It says if licensee is a corporation or other artificial entity, it shall be represented by legal counsel."
- Board Chairman: "Right, and you're not legal counsel."
- Mr. Weigel: "I took that as meaning that . . ."
- Board Chairman: "You're not legal counsel, sir."
- Mr. Weigel: "I know but my, well . . ."
- Board Chairman: "So I'm sorry. The law will not allow. I'd be breaking the law and I'm not going to do that."
- Mr. Weigel: "Well, I understand that."
- Board Chairman: "Okay."
- Mr. Weigel: "I just wasn't aware of that."
- Board Chairman: "Let me read. Here's what it says: 'If the licensee is a corporation, LLC, or other artificial entity registered with the Kentucky Secretary of State, it shall be represented by legal counsel at all stages of administrative proceedings. All licensees have the right to be represented by counsel, to present witnesses on their behalf, to cross-examine Department's witnesses, and to make opening and closing statements.' It's pretty clear in there that it's stated there is legal counsel."
- Mr. Weigel: "Okay. I cannot speak, though if I'm not involved in—I just need to say that . . ."
- Board Chairman: "I can't let you, sir. I'm sorry."
- Mr. Weigel: "I can't even tell you that my first lawyer withdrew?"
- Board Chairman: "He stated that."
- Mr. Weigel: "Okay, and Mr. Humphress had the opportunity to tell me that if I came here, I wouldn't be able to talk."

The Department then called its remaining witnesses and closed its case. At that point, the following exchange between the Board Chairman and Mrs. Weigel took place:

- Mrs. Weigel: "I know on the . . ."
- Board Chairman: "Ma'am, I'm sorry."
- Mrs. Weigel: "Well, okay, I'm sorry. I wasn't . . ."
- Board Chairman: "I can't allow you to, unless Mr. Humphress wants to call you as a witness, which he says he doesn't, so."
- Attorney Humphress: "I don't."

On September 21, 2011, the ABC Board issued its findings of fact, conclusions of law, and final order revoking Pizza Pub's license. At the beginning of the order, the ABC Board detailed the representation discussion:

At the beginning of the hearing, Mr. Humphress advised the Board that the Department wished to proceed with the hearing despite the Licensee's failure to be represented by counsel at the hearing. The record reflects that the Licensee was initially represented by counsel, Honorable Jay McShurley, at the prehearing conference on August 23, 2010. After a follow-up audit as later referenced herein, the Department moved for a hearing date on April 25, 2011, and

notified the Licensee that it would seek license revocation at the scheduled hearing.

By notice mailed and faxed on June 30, 2011, Mr. McShurley withdrew his representation of the Licensee and indicated that the Licensee intended to retain new counsel. At the hearing, Mr. Humphress advised the Board that he spoke to Mr. McShurley approximately three (3) weeks prior to receiving this notice in which Mr. McShurley orally advised Mr. Humphress that he intended to withdraw as counsel and asked for the proper procedure for doing so. In light of these conversations, Mr. Humphress anticipated timely receiving a notice of withdrawal and an entry of appearance by a new attorney.

Mr. Humphress advised the Board that on Wednesday, June 29, 2011, a week before the hearing, he received a voicemail from Mr. McShurley who stated that he was unaware whether the Licensee has retained new counsel, but that he still intended to withdraw. Mr. McShurley asked whether the Department would agree to a continuance. Mr. Humphress returned Mr. McShurley's call and left a message stating that the Department would not agree to continue the case since the case was over a year old, and that the Department would oppose any continuance motion filed by the Licensee.

The ABC Board went on to detail its findings of fact and conclusions of law without addressing the representation issue any further. The ABC Board concluded that Pizza Pub had violated KRS 241.010(27)(a) and KRS 242.185(6) by failing to maintain a 70%/30% food to alcohol sales ratio under Count 1, that Pizza Pub had violated KRS 243.500(2) and KRS 243.490(1) by falsely reporting food sales under Count 3, and that Pizza Pub's license should be revoked for those violations. The ABC Board did not find a violation of KRS 243.500(5) related to the failure to pay taxes under Count 2 because the Department did not present sufficient proof, and it therefore dismissed that count. Accordingly, the ABC Board revoked Pizza Pub's Limited Restaurant License No. 100–LR–289 effective at the close of business on October 24, 2011, based upon its violations in Counts 1 and 3.

Pizza Pub retained new counsel and filed an appeal and petition for judicial review in the Franklin Circuit Court on October 17, 2011, pursuant to KRS 13B.140 and KRS 243.560.[5] In the petition, Pizza Pub contended that the ABC Board's final order should be reversed due to lack of substantial evidence in the record and because the ABC Board acted arbitrarily and capriciously, and abused its discretion, in failing to permit Mr. Weigel to argue or testify or in failing to postpone the hearing to allow Pizza Pub to obtain new counsel. Pizza Pub contended that these failures violated its federal and state constitutional due process rights. In their answers, both the ABC Board and the Department requested dismissal of Pizza Pub's petition. After the parties had fully briefed the issues raised in the appeal, the circuit court entered an opinion and order on November 8, 2012, affirming the ABC Board's final order. The circuit court agreed with the ABC Board that, as a non-attorney, Mr. Weigel could not represent Pizza Pub because of its status as a corporate entity pursuant to Rules of the Supreme Court (SCR) 3.020. The circuit court found:

This Court agrees with ABC Board's position regarding representation during

---

**5.** Pizza Pub filed an amended appeal and petition for judicial review on October 20, 2011, to name the ABC Board as a respondent.

the administrative process and finds that Pizza Pub's due process rights were not violated by Pizza Pub's inability to present evidence in its favor at the hearing. Additionally, Pizza Pub was not entitled to a continuance based on its failure to maintain counsel throughout the administrative process. ABC Board's decision not to postpone the hearing to afford Pizza Pub the opportunity to retain new counsel was not arbitrary, capricious or an abuse of discretion.

The circuit court also found that the final order was supported by substantial evidence based upon the evidence introduced at the hearing detailing Pizza Pub's violations. This appeal follows.

In its brief, Pizza Pub continues to argue that the ABC Board denied it its due process rights by not permitting it to present evidence, challenge the Department's evidence, or present argument without counsel or by refusing to continue the hearing to allow it to retain new counsel and that the ABC Board's final order was not supported by substantial evidence of record. Both the Department and the ABC Board have filed responsive briefs arguing that the circuit court's opinion and order should be upheld.

■■■ Our standard of review in administrative appeals is well-settled in the Commonwealth:

"In its role as the finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact." *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458 (Ky. App.2003) (internal quotation marks and citation omitted). Thus, "[a] reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capricious." *Id.* at 458.

In determining whether an agency's action was arbitrary, the reviewing court should look at three primary factors. The court should first determine whether the agency acted within the constraints of its statutory powers or whether it exceeded them. . . . Second, the court should examine the agency's procedures to see if a party to be affected by an administrative order was afforded his procedural due process. The individual must have been given an opportunity to be heard. Finally, the reviewing court must determine whether the agency's action is supported by substantial evidence. . . . If any of these three tests are failed, the reviewing court may find that the agency's action was arbitrary.

*Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406, 409 (Ky.App.1994) (internal quotation marks and citation omitted). " 'Substantial evidence' means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Owens–Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky.1998) (*citing Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky.1972)). We review an agency's conclusions of law *de novo. See Aubrey v. Office of Attorney General*, 994 S.W.2d 516, 519 (Ky.App. 1998).

*Kentucky Retirement Systems v. Bowens*, 281 S.W.3d 776, 779–80 (Ky.2009). "A court's function in administrative matters is one of review, not reinterpretation." *Thompson v. Kentucky Unemployment Ins. Com'n*, 85 S.W.3d 621, 624 (Ky.App. 2002) (footnote omitted).

■■ The first issue we shall address is whether Pizza Pub's due process rights were violated in the ABC Board's ruling

that Mr. Weigel could not represent it and in its failure to continue the hearing.

The fundamental requirement of procedural due process is simply that all affected parties be given "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (internal citation and quotation omitted). Procedural due process in the administrative or legislative setting has widely been understood to encompass "a hearing, the taking and weighing of evidence if such is offered, a finding of fact based upon a consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action." *Morris v. City of Catlettsburg,* 437 S.W.2d 753, 755 (Ky.1969), *see also Kaelin v. City of Louisville,* 643 S.W.2d 590, 591 (Ky.1982); *Wyatt v. Transportation Cabinet,* 796 S.W.2d 872, 873–74 (Ky. App.1990).

*Hilltop Basic Resources, Inc. v. County of Boone,* 180 S.W.3d 464, 469 (Ky.2005).

■ In this case, Pizza Pub was represented by legal counsel until a few days before the administrative hearing. Pizza Pub had not retained new counsel by the date of the hearing, and Mr. Weigel attempted to represent Pizza Pub as its owner, despite the fact that he was not an attorney. The majority of Pizza Pub's and the responsive briefs address whether Mr. Weigel should have been permitted to represent a corporation.

■ SCR 3.020 provides the definition of the practice of law:

The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any natural person not holding himself out as a practicing attorney from drawing any instrument to which he is a party without consideration unto himself therefor. An appearance in the small claims division of the district court by a person who is an officer of or who is regularly employed in a managerial capacity by a corporation or partnership which is a party to the litigation in which the appearance is made shall not be considered as unauthorized practice of law.

"SCR 3.020 permits a corporate officer to appear on behalf of the corporation only in small claims court. Because of these rules, corporations cannot litigate *pro se* in Kentucky." *Statewide Environmental Services, Inc. v. Fifth Third Bank,* 352 S.W.3d 927, 929 n. 4 (Ky.App.2011), citing *Kentucky State Bar Ass'n v. Tussey,* 476 S.W.2d 177 (Ky.1972). There is no question or debatable issue that Mr. Weigel, as a non-attorney, should not have been permitted to represent Pizza Pub at the administrative hearing. The ABC Board properly refused to permit Mr. Weigel to participate in the hearing as a *pro se* representative for Pizza Pub.

■ However, we must agree with Pizza Pub that while it was afforded notice of the hearing, it was not afforded its due process rights during the administrative hearing because it was not able to participate at all due to its lack of counsel. In his notice of withdrawal, attorney McShurley sought to protect Pizza Pub's due process rights by requesting that the ABC Board grant Pizza Pub "additional time to retain counsel and prepare for the hearing in this matter." At the hearing, the ABC Board did not address this portion of the notice, but instead allowed counsel for the Department to share his version of the events surrounding the withdrawal of at-

torney McShurley and his belief that a continuance would be unwarranted. However, the ABC Board never specifically addressed whether a continuance should be considered, even in its final order, but rather proceeded with the hearing, after which Pizza Pub's license was revoked based upon the evidence presented at the hearing. Also, while counsel for the Department indicated that he had been contacted a few weeks prior to the hearing that Pizza Pub's counsel intended to withdraw, the actual notice was not filed until June 30, 2011, (a Thursday), which was six days before the hearing on the following Wednesday. That provided Pizza Pub with very little time to 1) retain new counsel and 2) for new counsel to adequately prepare for the hearing. Therefore, we must hold that Pizza Pub's due process rights were violated in that it was unable to meaningfully participate in the administrative hearing and that the ABC Board's decision to hold the hearing while Pizza Pub was not represented by counsel was arbitrary and constituted an abuse of discretion. The ABC Board should have considered attorney McShurley's request in his notice of withdrawal and permitted Pizza Pub additional time to retain new counsel and for new counsel to prepare for the hearing.

Based upon this holding, we need not address whether the ABC Board's final order was supported by substantial evidence of record.

For the foregoing reasons, the circuit court's opinion and order affirming the ABC Board's final order is reversed, and this matter is remanded for a new hearing before the ABC Board.

ALL CONCUR.

