# STATE OF MICHIGAN

# COURT OF APPEALS

ROGER GROMAN,

Plaintiff-Appellant,

v

NOLAN'S AUCTION SERVICE, LLC,

Defendant-Appellee.

UNPUBLISHED
May 8, 2018

No. 334895
Lapeer Circuit Court
LC No. 15-048562-AV

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Plaintiff, Roger Groman, appeals by leave granted the circuit court's opinion and order vacating the district court's order denying motion for summary disposition made by defendant, Nolan's Auction Service, LLC, pursuant to MCR 2.116(C)(1) (lack of jurisdiction), to dismiss plaintiff's entry of a commonwealth of Kentucky ("Kentucky") judgment, made by defendant, Nolan's Auction Service, and the district court's subsequent order following a remand. *Groman v Nolan's Auction Service, LLC*, unpublished order of the Court of Appeals, entered February 21, 2017 (Docket No. 334895).

This case arises from the sale of a backhoe by a Michigan seller, defendant, and the purchase of that backhoe by a resident of Kentucky, plaintiff, through an online sales listing. After plaintiff was dissatisfied with the condition of the backhoe, he contacted defendant's sales manager, who apologized for the inconvenience and reminded plaintiff that the backhoe was sold without any warranty. Ultimately, plaintiff filed a complaint for breach of warranty in Taylor Circuit Court in Kentucky. Joe Nolan, a member of defendant LLC, filed an answer and motion to dismiss for lack of jurisdiction in Kentucky, however, his filings were "pro se" on defendant's behalf. Defendant never retained a Kentucky attorney during the proceedings in the trial court.

Plaintiff obtained a judgment in his favor after defendant failed to respond to plaintiff's motion for summary judgment or appear at that motion hearing. After obtaining the judgment, plaintiff filed notice of entry of the judgment in a Michigan district court, and defendant, through a Michigan attorney, moved to dismiss the judgment. Following an appeal to the circuit court after the district court denied defendant's motion, the circuit court vacated the district court's order on the basis that defendant's "pro se" filings in Kentucky were a nullity under Kentucky law, and therefore, defendant was free to collaterally attack the jurisdiction of the trial court because it never appeared in the trial court.

-1-

Plaintiff contends that that the circuit court erred when it vacated the district court's order denying defendant's motion to dismiss the entry of the foreign judgment because the circuit court's ruling that defendant's "pro se" filings were a nullity contravenes Michigan policy and jurisprudence as that ruling rendered defendant the beneficiary of an error of its own creation. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(1), we consider the documentary evidence submitted by the parties in a light most favorable to the nonmoving party." *Oberlies v Searchmont Resort, Inc*, 246 Mich App 424, 427; 633 NW2d 408 (2001) (citations omitted).

"Questions of statutory interpretation are reviewed de novo. Constitutional questions are also reviewed de novo." *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 620; 692 NW2d 388 (2004), citing *Wayne Co v Hathcock*, 471 Mich 445, 455; 684 NW2d 765 (2004). "Jurisdictional rulings are reviewed de novo." *Vargas v Hong Jin Crown Corp*, 247 Mich App 278, 282; 636 NW2d 291 (2001), citing *Jeffrey v Rapid American Corp*, 448 Mich 178, 184; 529 NW2d 644 (1995). "A plaintiff bears the burden of establishing jurisdiction over a defendant; however, the plaintiff need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition." *Oberlies*, 246 Mich App at 427, citing *Jeffrey*, 448 Mich at 184.

The Uniform Enforcement of Foreign Judgment Acts (UEFJA), MCL 691.1171 *et seq.*, pertains to the enforcement of foreign judgments. "A 'foreign judgment' is 'any judgment . . . of a court of the United States or of any other court that is entitled to full faith and credit in this state.' " *Blackburne*, 264 Mich App at 620, quoting MCL 691.1172. The UEFJA provides, in relevant part:

> The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court, the district court, or a municipal court of this state. A judgment filed under this act has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the circuit court, the district court, or a municipal court of this state and may be enforced or satisfied in like manner. [MCL 691.1173.]

The Full Faith and Credit Clause of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." US Const, art IV, § 1. "The purpose of the Full Faith and Credit Clause is to prevent the litigation of issues in one state that have already been decided in another." *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 216; 813 NW2d 752 (2011) (quotation marks and citation omitted). "The Full Faith and Credit Clause requires that a foreign judgment be given the same effect that it has in the state of its rendition." *Blackburne*, 264 Mich App at 620 (quotation marks and citation omitted).

"Although the Full Faith and Credit Clause requires recognition of the judgments of sister states, 'collateral attack may be made in the courts of this [s]tate by showing that the judgment

sought to be enforced was void for want of jurisdiction in the court which issued it.' " *Id.*, quoting *Delph v Smith*, 354 Mich 12, 16; 91 NW2d 854 (1958) (citation omitted) (alteration in original). Or in other words, as explained by this Court:

> The United States Constitution does not compel Michigan courts to give a foreign judgment full faith and credit when the jurisdiction of the foreign court has been successfully attacked. Thus, to be enforceable under the UEFJA, the foreign judgment must have been entered by a court with jurisdiction over the parties and the subject matter. [*Blackburne*, 264 Mich App at 621 (citation omitted).]

The United States Supreme Court "has long recognized that '[t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues.' " *Underwriters Nat'l Assurance Co v North Carolina Life & Accident & Health Ins Guaranty Ass'n*, 455 US 691, 706; 102 S Ct 1357; 71 L Ed 2d 558 (1982), quoting *American Surety Co v Baldwin*, 287 US 156, 166; 53 S Ct 98; 77 L Ed 231 (1932) (alteration in original). Generally, "a state court's final judgment determining *its own* jurisdiction ordinarily qualifies for full faith and credit, so long as the jurisdictional issue was fully and fairly litigated in the court that rendered the judgment." *Marshall v Marshall*, 547 US 293, 314; 126 S Ct 1735; 164 L Ed 2d 480 (2006), citing *Durfee v Duke*, 375 US 106, 111, 115; 84 S Ct 242; 11 L Ed 2d 186 (1963).

A court may inquire as to the jurisdiction of the court that issued a judgment, but "[t]hat jurisdictional inquiry, however, is a limited one." *VL v EL*, ___ US ___, ___; 136 S Ct 1017, 1020; 194 L Ed 2d 92 (2016). " '[I]f the judgment on its face appears to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." *Id*. at ___; 136 S Ct at 1020; quoting *Milliken v Meyer*, 311 US 457, 462; 61 S Ct 339; 85 L Ed 278 (1940) (quotation marks and citation omitted; alteration in original). This Court applies the applicable jurisdictional law of the state that entered the judgment when conducting this jurisdictional inquiry. See *Poindexter v Poindexter*, 234 Mich App 316, 319; 594 NW2d 76 (1999) (applying Mississippi law to determine whether Mississippi court had jurisdiction over the defendant to enter a child support judgment against him).

It is undisputed that defendant received notice of plaintiff's complaint, that its "Member" Joe Nolan subsequently filed a "pro se" motion on defendant's behalf seeking to dismiss plaintiff's complaint due to a lack of personal jurisdiction in the trial court, and that, in defendant's "pro se" answer to plaintiff's initial complaint, defendant raised the trial court's lack of jurisdiction as an affirmative defense. However, a hearing on defendant's motion to dismiss was not held, presumably because defendant failed to comply with Ky R Civ P 6.04(1): defendant did not include a notice for a hearing with its motion. Similarly, defendant's "pro se" filings should have been rejected because, under Kentucky law, a corporate officer or managerial employee of a business entity may only appear on behalf of a business entity in small claims court. *Pizza Pub of Burnside v Com, Dept of ABC*, 416 SW3d 780, 787 (Ky App, 2013) (citations omitted). No party contends that plaintiff's complaint was filed in a small claims court; in fact, the trial court's register of actions demonstrates that plaintiff filed his complaint in a circuit court.

Regardless, an attorney never filed an appearance on defendant's behalf, and defendant subsequently submitted a "pro se" answer to plaintiff's amended complaint and "pro se" responses to plaintiff's request for admissions. Ultimately, plaintiff filed a motion for summary judgment, and after a motion hearing where no individual appeared on defendant's behalf, the trial court entered a judgment in plaintiff's favor. While plaintiff has produced an affidavit from one of its trial attorneys that a Kentucky attorney appeared on defendant's behalf during the hearing on defendant's motion for summary judgment, the transcript of the motion hearing, and the register of actions, which does not indicate [that] any attorney filed an appearance on defendant's behalf, rebut that claim. And while defendant's responses to plaintiff's request for admissions stated that defendant's responses were made through its appellate counsel, there is nothing in the record indicating that defendant's appellate counsel filed an appearance in the proceeding, was licensed to practice law in Kentucky, or moved to practice pro hac vice in Kentucky.

After plaintiff entered the Kentucky judgment in the district court, defendant moved to dismiss the judgment based on the trial court's lack of personal jurisdiction, but the district court ultimately denied defendant's motion because it determined that the issue of jurisdiction had been fully and fairly litigated in the trial court. After a circuitous appeal to the circuit court, which included an interstitial remand to the district court wherein the district court reaffirmed its initial ruling, the circuit court vacated the orders of the district court because the circuit court ruled that defendant's "pro se" filings in Kentucky were a nullity, and therefore, the issue of jurisdiction was never decided by the trial court. Specifically, the circuit court relied on *Smith v Bear, Inc*, 419 SW3d 49, 54-55 (Ky App, 2013), where the Court of Appeals of Kentucky ordered the reversal of a trial court's grant of summary judgment against a corporate defendant because it had improperly been represented "pro se" in the lower court by its nonattorney shareholder and codefendant. Moreover, it is notable that neither party addressed *Smith* in their circuit court appellate briefs.

Under Kentucky law, "[j]urisdiction over the person of a defendant can be acquired by the service of process upon him or by his voluntary appearance and submission. As a general rule, any person sui juris may enter an appearance and confer jurisdiction over his person upon the court." *Hudson v Manning*, 250 Ky 760; 63 SW2d 943, 945 (1933) (citations omitted). However, a defendant does not make a general appearance or otherwise consent to jurisdiction when he or she raises the lack of personal jurisdiction of the trial court in his or her answer to a complaint and then reasserts that claim in subsequent motions. *Cornett v Smith*, 446 SW2d 641, 642 (Ky 1969).

In *Smith*, the Court of Appeals of Kentucky reversed the trial court's grant of summary judgment against the corporate defendant that had been represented by a nonattorney codefendant because a corporation is an "artificial person" that may not "be represented in court through a nonprofessional officer or employee." *Smith*, 419 SW3d at 54 (citation omitted). Additionally, the Court of Appeals of Kentucky also ordered a remand to the trial court, and it explained that, "if upon remand" the defendant "again fail[ed] to obtain legal counsel to appear, answer, and defend the claim filed against it by [the plaintiff], the derelict and defunct corporation would be subject to default proceedings." *Id*. at 55. Therefore, the Court of Appeals of Kentucky did not merely order a remand on the issue of summary judgment, but rather, it

apparently wiped away all of the trial court proceedings involving the defendant hitherto, going so far as to permit the defendant file a new answer to the plaintiff's complaint.

Therefore, under Kentucky law, defendant, an "artificial person," may not be represented in court through a nonprofessional officer or employee. See *Smith*, 419 SW3d at 54 (citation omitted). Accordingly, defendant never truly "appeared" in Kentucky to raise any issue or submit any filings. As the issue of jurisdiction was never raised, nor fully and fairly litigated in Kentucky, defendant is free to raise a collateral attack on the judgment on jurisdictional grounds. See *Marshall*, 547 US at 314.

Nonetheless, plaintiff contends that the circuit court's ruling that defendant's "pro se" filings were a nullity contravenes Michigan policy and jurisprudence because that ruling rendered defendant the beneficiary of an error that it created. Plaintiff's contention has no merit.

Generally, "A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute." *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002) (quotation marks and citation omitted). "A party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding." *Underwriters*, 455 US at 710 (citation omitted).

Plaintiff's contention suffers two fatal defects. First, the relevant inquiry here is whether, under Kentucky law, the issue of jurisdiction had either been waived or fully and fairly litigated. And as discussed above, under *Smith*, defendant failed to appear entirely in the trial court by way of its improper "pro se" representation. Second, plaintiff appears to conflate the impact of the actions of Nolan, a natural person, with defendant, an artificial person that is a creature of statute. While Nolan attempted to act on defendant's behalf in Kentucky, Nolan had no power to undertake such actions in a legal proceeding for defendant under Kentucky law.

Regardless of the foregoing, we conclude that the record before us is insufficient to address defendant's contention that the trial court lacked jurisdiction over it necessarily on the merits. Rather, the lack of res judicata with regard to a jurisdictional determination has merely opened the door for a jurisdictional inquiry before plaintiff's judgment is deemed enforceable. At this point in time, no court has determined whether the trial court had personal jurisdiction over defendant. Therefore, we agree with the circuit court that remand to the district court is necessary for the purpose of conducting a full jurisdictional inquiry.

Affirmed, and remanded for entry of an order granting defendant's motion to dismiss. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen